**In re Herman Roy BOITNOTT, Gail Hope Riles Boitnott, Debtors.**

**Herman Roy BOITNOTT, Gail Hope Riles Boitnott, Plaintiffs,**

v.

**UNITED VIRGINIA BANK, Defendant.**

**Bankruptcy No. 7–79–00876.
Adv. No. 7–80–00010.**

United States Bankruptcy Court, W. D. Virginia.

April 10, 1980.

Fergus B. Norton, Roanoke, Va., for plaintiffs.

Maryellen F. Goodlatte, Roanoke, Va., for defendant.

MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

Plaintiffs seek redemption pursuant to 11 U.S.C. § 722[1] of a 1976 Buick and 1970 Ford pick-up upon which United Virginia Bank (Bank) has valid liens. The Bank filed herein motion to dismiss the complaint for the reason that the debt secured by the lien is not a "consumer debt" within the intent and purview of said section.

The Court conducted a hearing upon the motion to dismiss and the evidence appeared as follows:

The two vehicles were originally titled in the name of the Debtors and financed with the Bank upon two separate loan transactions with separate notes. Title to the Buick was later transferred to Mount Vernon Meats, Inc., a corporation solely owned by the Debtors and reflected as an asset in the Financial Statement of the Corporation. In December, 1978, approximately one year before the petition for relief was filed in this Court and with full knowledge and consent of the Bank, titled to the Buick was retitled in the name of Herman R. Boitnott, one of the individual Debtors. At the same time, the individual notes of Plaintiffs secured by liens on the vehicles were consolidated with several other notes of the Corporation which were endorsed by the Debtors, into one note of approximately $19,000.00 executed by the Corporation and, likewise, endorsed by the Plaintiffs. At the time of consolidation, the truck secured a $5,000.00 note, and the Buick secured a $3,000.00 note. The evidence further showed that the consolidation was for the purpose of having one payment coming due at one time for the convenience of the Bank.

The evidence further showed that the vehicles were always used for personal family use of the Plaintiffs and were never utilized by the Corporation in its business or for a business purpose.

The trustee has abandoned all interest which he had in the vehicles as required by 11 U.S.C. § 722.

The motion to dismiss raises only one issue, to-wit: that the debt is not a "consumer debt". The other requirements of 11 U.S.C. § 722 are admitted under the facts and circumstances of the case. Therefore the Court need only construe this section in light of the intent and purpose of the Congress of the United States in its enactment as to the wording "consumer debt".

"Consumer debt" is defined in 11 U.S.C. § 101(7) as a debt incurred by an individual primarily for a personal family, or household purpose. The comment contained in the historical and revision notes states that the definition was adapted from various consumer protection laws and, therefore is new in the field of Bankruptcy Law.

There appears to be no magic in the terminology "consumer debt". Simply stated, it is a debt owing by an individual primarily for the personal use of the family. The debt in question was a debt upon motor vehicles used for a family purpose. To hold that the consolidation of the notes into one note transformed what was originally a "consumer debt" into a nonconsumer debt would place form above substance. The intent of Congress to liberally construe this statute commands the invocation of equitable principles in carrying out that intent and purpose of the statute designed to benefit a Debtor. To give precedence to form over substance would in this case defeat the intent of Congress.

We need not be reminded that this is a Court of equity. See *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230, *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281. A maxim frequently stated and applied is that equity regards

1. 11 U.S.C. § 722 *Redemption*
"An individual debtor may, whether or not the debtor has waived the right to redeem under this section, redeem tangible personal property intended primarily for personal, family, or household use, from a lien securing a dis- chargeable consumer debt, if such property is exempted under section 522 of this title or has been abandoned under section 554 of this title, by paying the holder of such lien the amount of the allowed secured claim of such holder that is secured by such lien."

substance rather than form. See *Young v. Higbee Co.* 324 U.S. 204, 65 S.Ct. 594, 89 L.Ed. 890. Courts of equity are not restrained by technicalities but may look past mere technical matters to find the real essence of the transactions. See *Miles v. Caldwell* (U.S.) 2 Wall. 35, 17 L.Ed. 755. It is not only the right but the duty of a court clothed with equitable jurisdiction to pierce the form and letter of a transaction and look to the substance in determining the rights of the parties affected. Application of the foregoing principles is required in order to give the true congressional meaning to 11 U.S.C. § 722.

The legislative history and revision notes affixed to 11 U.S.C. § 722 states that this section is new so far as the Bankruptcy Law is concerned and provides broader rights of redemption to a debtor than that provided by the Uniform Commercial Code which Virginia has adopted. The historical and revision notes further state:

> "this right to redeem is a very substantial change from current law . . . [t]he right is personal to the debtor and not assignable."

 The statute clearly indicates that redemption is a right of the Debtor and the fact that it cannot be waived and further that it is broader than the redemption provisions of the Uniform Commercial Code, reflects a clear intention of the Congress to benefit debtors and that a liberal construction in favor of the Debtor should be given this section.

The Bank acknowledged that the separate debts secured by title liens on the motor vehicles, prior to the consolidation, were "consumer debts" secured upon the motor vehicles which were used primarily for personal family and household purposes. The fact that these obligations were consolidated into a larger note of the Corporation with the personal endorsement of these individual debtors does not, in and of itself transform what was originally a "consumer debt" into a nonconsumer debt. This is especially true here where the evidence of the Debtors reflects that the consolidation was simply a convenience to the Bank and in addition at the same time consented to a re-titling of the Buick vehicle into the name of the individual debtor, thereby divesting title from the Corporation. The Debtors were no less liable on the original debt than on the consolidated debt. The nature of the obligation is the same. A further analysis shows no difficulty in determining the amount to be placed on the vehicles since the court makes a finding simply as to the value of the vehicles and places that value as the redemptive debt.

Therefore, the fact that there is a consolidated note should provide no difficulty in such cases where the implementation of congressional intent is concerned.

Accordingly, it is the conclusion of this Court that the debt in question was and remains a "consumer debt", and that the motion to dismiss be and is hereby overruled.

Responsive pleadings shall be filed by the Defendant as deemed appropriate within fifteen (15) days from this date, and this case is set for trial on May 1, 1980, at 2:30 p. m. in the Bankruptcy Courtroom, Third Floor, U.S. Courthouse & Federal Bldg., Roanoke, Virginia, for a determination of the value of the collateral and redemptive payments. All of which is so ORDERED.